UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

WILLIAM BERTONE, JOHAN MANDIC, and
IRALDO PIERFRANCESCO,

    Plaintiffs,

vs.

IL GIARDINO, LLC d/b/a Il Giardino, a Florida limited liability company, BARBRA PELLIGRINI, an individual, and IMAM DUZ, an individual,

    Defendants.
_____/

COMPLAINT

## COMPLAINT

COME NOW Plaintiffs WILLIAM BERTONE ("Bertone"), JOHAN MANDIC ("Mandic"), and IRALDO PIERFRANCESCO ("Pierfrancesco") (together, "Plaintiffs"), who were employees of Defendants IL GIARDINO, LLC, a Florida limited liability company, BARBRA PELLIGRINI, an individual, and IMAM DUZ, an individual (together, "Defendants"), and file this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), 29 C.F.R. § 531.35, and for a declaration of rights.

### I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because

1

Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiffs' federal question claims.

## II.    PARTIES

3. Plaintiff Bertone is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Plaintiff Mandic is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Plaintiff Pierfrancesco is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

6. Defendant IL GIARDINO, LLC is a Florida limited liability company that has owned and operated the Il Giardino restaurant ("Il Giardino"), located at 1230 Ocean Drive, Miami Beach, Miami-Dade County, Florida.

7. Defendant IMAM DUZ ("Duz"), an individual and *sui juris*, was the owner, manager, employer and operator of IL GIARDINO, LLC ("Il Giardino"), the restaurant at which Plaintiffs were employed. Duz acted directly and indirectly in the interest of Il Giardino. Duz managed Il Giardino and had the power to direct employees' actions. Duz had management responsibilities, degree of control over Il Giardino's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in

2

accordance with the FLSA making Defendant Imam Duz an employer pursuant to 29 USC § 203(d).

8. Defendant BARBARA PELLIGRINI ("Pelligrini"), an individual and *sui juris*, was the manager and employer of IL GIARDINO, LLC ("Il Giardino"), the restaurant at which Plaintiffs were employed. Pelligrini acted directly and indirectly in the interest of Il Giardino. Pelligrini managed Il Giardino and had the power to direct employees' actions. Pelligrini had management responsibilities, degree of control over Il Giardino's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Barbara Pelligrini an employer pursuant to 29 USC § 203(d).

### III.   COVERAGE

9. During all material times, Defendant IL GIARDINO, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During all material times, Defendant IL GIARDINO, LLC was an employer as defined by 29 U.S.C. § 203(d).

11. During all material times, Defendant BARBRA PELLIGRINI was an employer as defined by 29 U.S.C. § 203(d).

12. During all material times, Defendant IMAM DUZ was an employer as defined by 29 U.S.C. § 203(d).

13. During all material times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.   FACTUAL ALLEGATIONS

14. Defendants operated a restaurant known as Il Giardino, located at 1230 Ocean Drive, Miami Beach, Miami-Dade County, Florida.

15. Plaintiffs worked as tipped employees ("busser" and "servers") for Defendants from December, 2014, approximately, through March, 2016.

16. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014, $8.05 per hour in 2015 and 2016, and $8.10 per hour in 2017.

17. During the Relevant Time Period, the applicable Florida overtime wage was $11.895 per hour in 2014, $12.075 per hour in 2015 and 2016, and $12.15 per hour in 2017.

18. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage.  This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

19. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m).  If an

4

employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

20. Throughout their employment at Il Giardino, Plaintiffs were not paid an hourly wage but instead was only paid a share of the tips collected.

21. Throughout their employment, Plaintiffs regularly worked in excess of forty (40) hours per seven-day week.

22. Throughout their employment, Plaintiffs were required to share tips with management, in violation of the FLSA.

23. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiffs' tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiffs the minimum wage for each regular hour worked and the overtime wage for each overtime hour worked.

24. Because suffered or permitted Plaintiffs to work without being paid wages, and required them to share a portion of their tips with non-tipped employees such as management and/or owners, Defendants willfully engaged in practices that denied Plaintiffs their applicable minimum and overtimes wages under the FLSA.

25. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

26. Plaintiffs reincorporate and re-allege paragraphs 1 through 25 as though set forth fully herein and further allege as follows:

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

27. Defendants willfully and intentionally suffered or permitted Plaintiffs to work without being paid an hourly wage.

28. Defendants forced Plaintiffs to share their tips with non-tipped employees such as management and/or owners.

29. By suffering or permitting Plaintiffs to work without being paid a wage and for forcing Plaintiffs to share their tips with management and/or owners, Defendants cannot claim the tip credit and therefore owe Plaintiffs the full minimum wage for each hour worked up to forty hours per workweek.

30. As a direct and proximate result of suffering or permitting Plaintiffs to work without being paid a wage and for forcing Plaintiffs to share their tips with management and/or owners, Plaintiffs have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs WILLIAM BERTONE, JOHAN MANDIC, and IRALDO PIERFRANCESCO demand judgment in their favor and against Defendants IL GIARDINO, LLC, BARBRA PELLIGRINI, and IMAM DUZ, jointly and severally, as follows:

a) Award to Plaintiffs for payment of all hours worked up to forty per workweek at the full minimum wage;

b) Award to Plaintiffs liquidated damages equal to the payment of all hours worked up to forty per workweek at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiffs reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
### FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

31. Plaintiffs reincorporate and re-allege paragraphs 1 through 25 as though set forth fully herein and further allege as follows:

32. Defendants willfully and intentionally suffered or permitted Plaintiffs to work without being paid an hourly wage.

33. Defendants forced Plaintiffs to share their tips with non-tipped employees such as management and/or owners.

34. By suffering or permitting Plaintiffs to work without being paid a wage and for forcing Plaintiffs to share their tips with management and/or owners, Defendants cannot claim the tip credit and therefore owe Plaintiffs the full overtime wage for each hour worked in excess of forty hours per workweek.

35. As a direct and proximate result of suffering or permitting Plaintiffs to work without being paid a wage and for forcing Plaintiffs to share their tips with management and/or owners, Plaintiffs have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs WILLIAM BERTONE, JOHAN MANDIC, and IRALDO PIERFRANCESCO demand judgment in their favor and against Defendants IL GIARDINO, LLC, BARBRA PELLIGRINI, and IMAM DUZ, jointly and severally, as follows:

   a) Award to Plaintiffs for payment of all hours worked in excess of forty per workweek the rate of one-and-a-half times their regular rate of pay;

   b) Award to Plaintiffs liquidated damages equal to the payment of all hours worked in excess of forty per workweek the rate of one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

    c) Award to Plaintiffs reasonable attorneys' fees and costs; and

    d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## **DECLARATION OF RIGHTS**

36. Plaintiffs reincorporate and re-allege paragraphs 1 through 25 as though set forth fully herein, and further allege as follows:

37. Plaintiffs and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

38. The Court also has jurisdiction over Plaintiffs' request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

39. Defendants did not rely on a good faith defense in forcing Plaintiffs to work without being paid an hourly wage.

40. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

41. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

    WHEREFORE Plaintiffs WILLIAM BERTONE, JOHAN MANDIC, and IRALDO PIERFRANCESCO demand the entry of judgment in their favor and against Defendants IL GIARDINO, LLC, BARBRA PELLIGRINI, and IMAM DUZ, jointly and severally, as follows:

    a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

    b) Enjoin Defendants from further violations of the FLSA;

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

c) Award Plaintiffs reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 25th day of August, 2017.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **August 25, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320

**BERTONE, MANDIC, and PIERFRANCESCO v. IL GIARDINO, LLC, PELLIGRINI, and DUZ
Case No.:**

9