UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-CV-23234-JEM

WILLIAM BERTONE and JOHAN MANDIC,

    Plaintiffs,

vs.

IL GIARDINO, LLC d/b/a Il Giardino, a Florida limited liability company, BARBRA PELLIGRINI, an individual, and IMAM DUZ, an individual,

    Defendants.

_____/

## JOINT RESPONSE TO SHOW CAUSE ORDER AND MOTION TO APPROVE SETTLEMENT AND TO DISMISS WITH PREJUDICE

Plaintiffs, WILLIAM BERTONE and JOHAN MANDIC (collectively, "Plaintiffs"), and Defendants, IL GIARDINO, LLC, BARBRA PELLIGRINI, and IMAM DUZ (collectively, "Defendants") by and through their undersigned counsel, hereby file this *Joint Response to Show Cause Order and Motion to Approve Settlement and Dismiss with Prejudice*, and state the following in support thereof:

1. Plaintiffs filed the instant action alleging that Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (FLSA).[1]

2. The Parties reached settlement on January 14, 2019, but the settlement agreement was not finalized and executed by Plaintiffs until January 22, 2019.

---

[1] Plaintiffs' action previously included Plaintiff Iraldo Pierfrancesco. Mr. Pierfrancesco was unable to continue to participate in the case and a stipulation of voluntary dismissal without prejudice was filed for him on December 12, 2018. [DE 17].

3. Defendants cut checks on January 16, 2019, before the agreement was executed, and delivered them to Plaintiffs' counsel's office.

4. The Parties sincerely apologize to the Court for not promptly notifying the Court of settlement. Because of the unusual immediate payment of the settlement, Plaintiffs' counsel's office personnel (who has since left the firm's employ) deleted all remaining dates on the calendar, including the Calendar Call scheduled for May 23, 2019 [DE 18], and because payment had already been received, neglected to calendar a notice of settlement to the Court. This was unintentional and a clerical oversight. Undersigned counsel take full responsibility for this oversight by their respective offices.

5. On May 23, 2019, the Court issued the Order to Show Cause as to why the Parties had not appeared at the Calendar Call. [DE 18].

6. Upon service of the Court's Order, and pursuant to this Court's Scheduling Order [DE 16], the Parties submitted a joint stipulation for dismissal. [DE 20]. *See* DE 16, Paragraph 10 ("If the case is settled, the parties are directed to … submit a joint stipulation for dismissal ..).

7. The Court subsequently struck the joint stipulation for dismissal, and issued an Order stating that if the Parties failed to file a motion to approve the settlement, the Court would dismiss the case without prejudice. [DE 21].

8. Upon the non-filing of a motion to approve the settlement, the Court did not dismiss the case without prejudice but instead ordered the Parties to show cause as to not filing a motion for approval. [DE 22].

9. The Parties therefore jointly submit this Response to Show Cause Order and Motion to Approve Settlement.

## MEMORANDUM OF LAW

As a general rule, the FLSA's provisions are "mandatory," meaning that they generally

are not subject to negotiation or bargaining between employer and employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). There are two ways, however, that FLSA claims *may* be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FTM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

The parties respectfully request that the Court approve the Agreement and dismiss Plaintiffs' FLSA action with prejudice, each party to bear its own costs, fees, and expenses (except as otherwise set forth in the Agreement with respect to attorneys' fees). The parties

respectfully submit that the agreed-upon terms of the Agreement are fair and reasonable in light of the relevant factors.  Mr. Mandic received $10,500.00 in settlement, of which $6,000.00 went to Mr. Mandic and $4,500.00 for attorney's fees and costs. Mr. Bertone received $3,000.00 in settlement, of which $2,000.00 went to Mr. Bertone and $1,000.00 for attorney's fees and costs.

In this case, the attorney's fees to be paid as part of the resolution of Plaintiffs' claims were agreed upon by the Parties separately and without regard to the amount paid to Plaintiffs. Accordingly, because the settlement is reasonable on its face and Plaintiffs' recovery was not adversely affected by the amount of the fees paid to their attorney, the Court should approve the settlement as set forth in the Settlement Agreement. In addition, there are no "side agreements" concerning the proposed settlement. Plaintiff's counsel's costs are $577.15 for filing and service, and his fees for the purposes of settlement have been reduced from the agreed-upon rate of $350.00 per hour to $286.21 (17.2 hours).

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement and General Release and dismissing the claims made by Plaintiffs against Defendants in this action with Prejudice.

Respectfully submitted this 12th day of July, 2019.

**By: s/ Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No.:075320
Email: Robert@kuvinlaw.com
*Law Offices of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, FL 33131
Telephone: (305) 358-6800
Facsimile: (305) 358-6808
***Attorney for Plaintiffs***

**By: s/ Steven M. Davis**
Steven M. Davis, Esq.
Florida Bar # 894249
Email: Sdavis@bplegal. com
*Becker & Poliakoff, P.A*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
(305) 262-4433 Telephone
***Attorney for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 12, 2019**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
*Attorney for Plaintiffs*